**Wallingford Steel Company v. Wire and Metal Specialties Corporation (No. 1)**

*Alan Bruce Bowden* and *William R. Mervine,* for plaintiff.

*R. Pierson Eaton,* for defendant.

WOLFE, P. J., March 7, 1972.—For disposition is plaintiff's motion for judgment pursuant to Rule 1037(c) of Pennsylvania Rules of Civil Procedure.

The pleadings consist of plaintiff's complaint in assumpsit demanding $4,397.90 with interest from March 4, 1970, for goods sold, delivered and accepted by defendant. Defendant's answer thereto containing a counterclaim for consequential damages of $29,780 incurred by reason of an alleged breach of contract between defendant and the United States government due to the defective material delivered by plaintiff, a reply to this counterclaim by plaintiff containing new matter.

Plaintiff's grounds for judgment are twofold; namely, defendant admitted liability for the materials delivered except for the alleged consequential damages arising in defendant's counterclaim and, second, defendant failed to reply to plaintiff's new matter raising an affirmative defense that defendant's counterclaim is now barred as not made within the time limitation granted defendant to reject

the material after delivery to it as specified in the contract between the parties.

The contract forming the basis of this lawsuit carried the usual warranty of freedom of defects and provided:

"Every claim on account of defective material or workmanship or from any other cause shall be deemed waived by the purchaser unless made in writing within 30 days of the receipt of the goods to which such claim relates."

In addition, the contract carries an exculpatory clause exonerating plaintiff from liability and provides:

"The seller shall not be liable for loss, damage or expense directly or indirectly arising from the use of the material or from any other cause, the exclusive remedy against the seller being to require the replacement or repair of the defective material."

On the basis of the former clause, plaintiff seeks its judgment of $4,397.90 and on the latter, dismissal of defendant's counterclaim.

Defendant's counsel accepted service of plaintiff's reply and new matter on June 21, 1971. The motion for judgment was likewise accepted on January 12, 1972. This, of course, is a period in excess of six months and plaintiff, therefore, urges the court to grant its motion, since defendant has not answered this affirmative defense to defendant's counterclaim and the counterclaim was defendant's only defense to plaintiff's claim in chief.

Rule 1037(c) provides:

". . . the court . . . may enter an appropriate judgment against a party upon default or admission."

Goodrich-Amram, §1037(c)-1, discusses this rule as having wide application:

"It gives a blanket authorization to the court to

enter 'appropriate' judgments against *any* party upon 'default' or 'admission.' "

The issue in the instant case is: Has there been a default or an admission by defendant that the amount claimed by plaintiff is, in fact, due through defendant's conduct or acknowledgment? Second, if so, is defendant's counterclaim so coupled with the default or admission that it also must fall?

We think caution must be exercised in considering the application of Rule 1037(c) lest it becomes confused with Rule 1034 (judgment on the pleadings) or Rule 1035 (summary judgment).

Rule 1037(a) and (b) is an administrative act by the prothonotary in entering judgment upon failure of plaintiff to file a complaint or failure of defendant to file an answer.

Subsection (c) of this rule, however, does not permit the prothonotary to so act in entering judgment. We think it is clear that before the court can enter a judgment it is compelled to examine all of the pleadings and ascertain if, as in the instant case, defendant has admitted the claim of plaintiff in its pleadings either affirmatively or by failure to respond when the rules require a response.

In this respect, the examination is very similar to a motion for judgment on the pleadings if the pleadings indicate there is no cause of action or summary judgment if there is no genuine issue of facts to be resolved. If, under Rule 1037, defendant has failed to answer that which is required to be answered or has acknowledged plaintiff's claim, certainly it would be futile to continue with the case to a trial as there would be no issue to be resolved by the fact-finders and this is especially so when plaintiff's claim is liquidated.

As stated, plaintiff argues defendant has admitted

its claim in chief except as may have been denied indirectly and by reference to defendant's counterclaim; that is to say, plaintiff maintains defendant's denial is by reference or implication in that defendant filed a counterclaim for damages allegedly flowing from the defective material delivered by plaintiff to defendant. In the court's opinion, this is an insufficient answer to deny plaintiff's claim. Defendant's answer admits the material was received and used it in fulfillment of a contract with the United States government. Indeed, defendant's counterclaim for damages alleges it manufactured 1,030,000 cartridge clips for the government and used plaintiff's material therefor and delivered these clips to the government. In corroboration of this use, defendant's counsel acknowledged at time of argument defendant had been substantially paid by the government under that contract. We find it difficult to conclude defendant has not admitted the amount due. In no way was payment of the purchase price to plaintiff coupled with or conditioned upon the government contract with defendant. Defendant elected to use the material after receipt and admittedly did not return it to plaintiff or make any demand against plaintiff until this present action for payment.

Plaintiff's claim is liquidated and we think the pleadings in this case entitled plaintiff to its judgment on defendant's admission.

Turning to defendant's counterclaim, we cannot conclude it should be dismissed summarily. It is true the counterclaim is bottomed on plaintiff's claim in chief; however, it is an independent cause of action arising out of an alleged breach of contract by plaintiff in shipping defective goods used by defendant in consummation of the contract with

a third party, to wit, the United States government. In effect, we think plaintiff is here seeking judgment on the pleadings under the label of Rule 1037(c). We cannot accept defendant's failure to answer plaintiff's new matter concluding as a matter of law, that plaintiff is entitled to judgment. Defendant has alleged breach of contract by plaintiff in shipping material not in conformity with the parties' contract. Plaintiff's defense to this alleged breach is the aforesaid recited exculpatory clause contained in that contract. We are of the opinion defendant's counterclaim and plaintiff's answer thereto and new matter raise issues for the factfinders. Plaintiff's answer denies defendant's counterclaim and asserts it fulfilled the specifications of the contract. Hence, there is an issue and plaintiff's new matter does not conclude that issue as a matter of law. On the contrary, the new matter recites defendant made no claim against plaintiff or never requested plaintiff to replace or repair the steel in question; therefore, we hold defendant should be given an opportunity to prove to the contrary and, following any submitted proof if defendant is then barred as a matter of law under the contractual provisions, judgment may be entered on a nonsuit or directed verdict.

For these reasons, the court makes the following

## ORDER

And now, to wit, March 7, 1972, the motion of plaintiff for judgment upon default on plaintiff's action against defendant in the amount of $4,397.90, with interest thereon at the legal rate of six percent from March 4, 1970, is hereby granted and the prothonotary is directed to compute the interest from March 4, 1970, simple rate at six percent, to the date hereof and add said interest to the principal

amount and enter judgment in favor of plaintiff and against defendant therefor.

The motion of plaintiff to dismiss defendant's counterclaim is denied.

No execution shall issue on the judgment entered in favor of plaintiff and against defendant prior to the final disposition of defendant's counterclaim, which counterclaim shall be set down and heard at the May 1972 term of civil court.

Exceptions to defendant and to plaintiff.